IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LOYALTY DENTAL PLAN, INC.**, an Illinois corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 15 C 1970 ) |
| **SILICUS TECHNOLOGIES, LLC**, as successor by merger with **SILICUS SOLUTIONS, LLC**, a Texas limited liability company, **SAFEBASE SOLUTIONS, LLC**, a Texas limited liability company, d/b/a **E-DENTAL MARKET**, **VIKAS BUDHIRAJA**, an individual, **SUMANT AHUJA**, an individual, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

All four defendants in this diversity of citizenship action brought against them by Loyalty Dental Plan, Inc. ("Loyalty Dental") have joined in an Answer, Counterclaim and Third Party Complaint filed on April 1.  This memorandum opinion and order is issued sua sponte because of some problematic aspects of that responsive pleading, some of which require defense counsel to go back to the drawing board.

To begin with, defense counsel have failed to comply with this District Court's LR 10.1, which directs:

> Responsive pleadings shall be made in numbered paragraphs each corresponding to and stating a concise summary of the paragraph to which it is directed.

That directive, which is most often complied with by the pleader's copying verbatim each paragraph of a complaint, followed immediately by the response to the allegations in that paragraph, is not just a makework requirement.  Instead, as counsel might have guessed, LR 10.1

was designed so that the reader -- whether opposing counsel or this Court or anyone else -- can read a single document that enables him or her to see just what matters are and what matters are not controverted, rather than being required to flip back and forth between two documents for that purpose.

Noncompliance with LR 10.1 may create nothing more than a nuisance when a simple and straightforward complaint is involved -- that is, where the "short and plain statement" provisions of Fed. R. Civ. P. ("Rule")  8(a) are truly operative rather than reflecting a seldom-accomplished hope.  In such situations compliance with the LR may be little more than a courtesy.  That, however, is not at all the case with the current Answer, which is extraordinarily meticulous in parsing the allegations of each Complaint paragraph, thus providing a carefully tailored response.[1]  Accordingly the Answer is stricken, and defense counsel are granted leave to file a self-contained Amended Answer on or before April 21, 2015.[2]

What has just been said in n.2 does not, however, apply to the host of purported affirmative defenses ("ADs") that defendants have advanced hard on the heels of their Answer itself.  In that respect it has been well over a decade since this Court published App'x ¶ 5 to its opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N. D. Ill. 2001) -- an Appendix paragraph that dealt with some misapprehensions shared by too many defense counsel as to the proper scope and proper place in the pleading firmament occupied by ADs.  Since State

---

[1] In an odd sense, defense counsel's care in shaping such a particularized response has itself made counsel's compliance with LR 10.1 essential.

[2] This Court expresses no views as to the merits (or any possible defects) of the initial Answer, leaving it to Loyalty Dental's counsel to raise any issues in that respect.  In that regard what has been said to this point is purely procedural in nature.

Farm v. Riley was published the Twombly-Iqbal canon has introduced the requirement of "plausibility" into pleading, a requirement that this Court's view should apply to defendants as well as plaintiffs in the notice pleading regime under which federal pleading operates.[3]

Because all too many of the purported ADs put forth by defendants do not pass muster in those terms, all of them are stricken without prejudice -- that is, with leave granted to restate any currently appropriate ADs in conjunction with the Amended Answer ordered earlier in this opinion.  Here in brief are the principles that should control any such repleading:

1. AD 1 is properly framed, for it informs Loyalty Dental of a contention that could cabin (or perhaps eliminate) its claims in this lawsuit.  If the issue posed there is a question of law not dependent on discovery, it would seem that all parties would be better served if it were dealt with early on.

2. AD 2, which asserts a failure or lack of consideration, is insufficiently explained by defendants.  That would also appear to be a threshold issue that ought to be dealt with up front -- and for that purpose defendants would be expected to notice it up as a motion in the appropriate way (including a supporting memorandum).

3. AD 3 is essentially the equivalent of a Rule 12(b)(6) motion, which must treat what is said in the Complaint as gospel, unless defendants present it promptly in the same way as just stated regarding AD 2.

---

[3] That view may not be universally shared, but it would seem to serve the basic purpose of pleading:  to identify the respects in which the parties are or are not at odds with each other, based on what they know at the time that pleadings are filed.

4. Unless the predicate for AD 4 is fully contained in the Amended Answer, in which event the restated AD should cite back to the relevant Answer paragraphs, AD 4 may not be reasserted without an appropriate fleshing-out.

5. ADs 5 through 13, 16 and 17 are flawed in the manner identified in App'x ¶ 5 (b) to State Farm. Those ADs are unacceptable without some added specificity as to the basis for such contentions. And to the extent that they may pose questions of law rather than being dependent on factual disputes, they too should be addressed early on.

6. AD 15, as framed, is totally speculative. It plays no part in a statement of current defenses, although it may of course be added later if discovery reveals an actual failure to litigate damages.

All of that said, this Court repeats its order that both the Amended Answer and any accompanying appropriate ADs must be filed on or before April 21, 2015. There is no need to reiterate the Counterclaim and the Third Party Complaint that currently occupy Answer ¶¶ 99-139, and Loyalty Dental's counsel and third party defense counsel are respectively ordered to answer or otherwise plead to those matters within the time frame prescribed by Rule 12(a)(1)(B).[4]

_____
Milton I. Shadur
Senior United States District Judge

Date:  April 8, 2015

---

[4] This opinion expresses no view as to the viability or nonviability of the Counterclaim or the Third Party Complaint.