IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LOYALTY DENTAL PLAN, INC.**, an Illinois corporation, ) ) ) Plaintiff, ) ) v. ) ) **SILICUS TECHNOLOGIES, LLC**, as successor by merger with **SILICUS SOLUTIONS LLC**, a Texas limited liability company, et al., ) ) ) ) ) ) Defendants. ) _____ ) ) **SILICUS TECHNOLOGIES, LLC**, ) ) Counterplaintiff/Third-Party Plaintiff, ) ) v. ) ) **LOYALTY DENTAL PLAN, INC.**, ) ) Counterdefendant, ) ) and ) ) **JAMES CARLSON**, ) ) Third-Party Defendant. ) | Case No. 15 C 1970 |

### MEMORANDUM ORDER

    During the course of this Court's pleading review that eventuated in the issuance of its April 8, 2015 memorandum opinion and order ("Opinion I") and its April 24, 2015 memorandum order ("Opinion II"), its focus on some problematic aspects of the four defendants' collective Amended Answer and its accompanying affirmative defenses gave no occasion to give meaningful attention to the Counterclaim and Third-Party Complaint that were included in that

responsive pleading. Now the same degree of close scrutiny of that Third-Party Complaint has prompted this "Opinion III."

Because this action by Loyalty Dental Plan, Inc. ("Loyalty Dental") purports to invoke the diversity-of-citizenship branch of federal subject matter jurisdiction (which poses legal issues still to be resolved), this Opinion III starts from the premise that such invocation is appropriate. In that respect the Third-Party Complaint reveals that defendant Silicus Technologies, LLC ("Silicus") essays not only to sue Loyalty Dental (which, as already stated, is the original party plaintiff in this action) but also to sue James Carlson ("Carlson"), who is sought to be added to the parties' roster as a third-party defendant. But because the Third-Party Complaint must look to the supplemental jurisdictional provisions of 28 U.S.C. § 1367 ("Section 1367"), it runs head-on into the congressional prohibition in Section 1367(b):

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs[1] against persons made parties under Rule 14, 19, 20, 0r 24 of the Federal Rules of Civil Procedure, . . . .

Here Silicus seeks to shoehorn Carlson into this action via Fed. R. Civ. P. 14(a), so that Section 1367 is unavailable to it to advance its Third-Party Complaint. Accordingly that portion of Silicus' responsive pleading is stricken. That leaves open, of course, the questions posed to the parties by Opinions I and II.

*[signature: William D. Shadur]*

Milton I. Shadur
Senior United States District Judge

Date: April 27, 2015

---

[1] [Footnote by this Court] Although Silicus is a defendant in the underlying action, it is the plaintiff in the Third-Party Complaint.